## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TENNESSEE
## NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | } | CHAPTER 7 |
| | } | |
| JOSEPH J. MAYER, | } | CASE NO. 20-31861-SHB |
| NICOLE D. MAYER, | } | |
| | } | |
|     DEBTORS | } | |
| | } | |
| Upper Cumberland Islamic Society, | } | |
| | } | |
|     Plaintiff, | } | Adv. No. 3:21-ap-3003-SHB |
| | } | |
| V. | } | |
| | } | |
| Joseph J. Mayer, | } | |
| | } | |
|     Defendant. | } | |

### BRIEF IN SUPPORT OF MOTION FOR LEAVE TO ATTEMPT TO TAKE TESTIMONY OF MICHAEL NESMITH BY CONTEMPORANEOUS TRANSMISSION FROM A REMOTE LOCATION

In support of the Motion for Leave to Attempt to Take Testimony of Michael Nesmith by Contemporaneous Transmission from a Remote Location, Upper Cumberland Islamic Society ("Plaintiff") submits the following:

1. Michael Nesmith ("Nesmith") was a co-defendant in the Putnam County Chancery Court case (the "state court case"), styled as Upper Cumberland Islamic Society vs. HCC Contractors, Joseph Mayer, Michael Nesmith, and David Johnson (No. 2019-137).

2. Nesmith, as a purported partner of Defendant Joseph Mayer's business HCC Contractors, has relevant information related to the nature and organization of the formation of HCC Contractors with Defendant and may also be able to testify regarding

the financial accounts into which money received from Plaintiff was deposited as well as the subcontractor agreements entered into as part of the construction matter that forms the background for this action.

3. In the state court case, Nesmith was served with discovery from Plaintiff; however, he provided less than complete responses to interrogatories and request for production. Plaintiff filed a Motion to Compel and the court entered an order granting said motion to compel on April 12, 2021, requiring Nesmith to comply with Plaintiff's discovery requests within twenty (20) days of entry of the order.

4. Nesmith did not comply with the state court's order and Plaintiff filed a Motion for Sanctions which was heard and granted by the court on May 21, 2021. The court's order, entered May 26, 2021, gave Nesmith an additional thirty (30) days to correct the deficiencies in his discovery responses. Despite this additional time, Nesmith failed to comply with the court's order and the Plaintiff submitted a notice to that effect on June 29, 2021. Due to Nesmith's continued non-compliance, the court entered a default judgment against him on July 7, 2021.

5. With Nesmith's non-compliance in the state court case in mind, Plaintiff elected not to incur the expense of attempting to depose him in this action.

6. Nesmith is located in Statesboro, GA, and is unlikely to travel to the State of Tennessee to voluntarily participate as witnesses at trial given his prior non-compliance in the state court case.

7. Federal Rule of Civil Procedure 43 permits a court in its discretion to allow remote testimony by contemporaneous transmission from a different location in the presence of (1) good cause; (2) compelling circumstances; and (3) appropriate safeguards.

*Accord Thomas v. Anderson* 912 F.3d 971, 977 (7th Cir. 2018). Moreover, this Court has "wide latitude in determining the manner in which evidence is to be presented" under the Federal Rules of Evidence. *Parkhurst v. Belt*, 567 F.3d 995, 1002 (8th Cir. 2009).

8. The committee notes to Rule 43 suggest that appropriate safeguards for purposes of allowing contemporaneous transmission of testimony from remote locations via video platform, includes: (1) accurate identification of the witness(es); (2) protection against influence from persons present with the witness(es); and (3) accurate transmission. *Accord In Re RFC and RESCAP Liquidating Trust Action v. Primary Residential Mortgage, Inc.*, 444 F. Supp.3d 967, 971 (D. Minn. 2020) ("Given the speed and clarity of modern videoconference technology, where good cause and compelling circumstances are shown, such testimony 'satisfies the goals of live, in-person testimony and avoids the shortcomings of deposition testimony.'").

For these reasons, to present its full case at trial, Plaintiff seeks leave to establish a secure video platform connection to be made available to Nesmith for the purpose of attempting to obtain his remote participation as a witness at trial. More specifically, Plaintiff seeks leave of the Court to attempt to take the testimony of Nesmith by contemporaneous transmission from a remote location via a secure zoom platform link (or other approved format) to be provided by Plaintiff's counsel via trial subpoena and email.

**RESPECTFULLY** submitted this October 21, 2021.

By:    s/ Jason L. Rogers
Jason L. Rogers (BPR # 039136)
**Hodges, Doughty & Carson, PLLC.**
617 W. Main Street
Knoxville, Tennessee 37902
Tel: (865) 292-2307
Fax: (865) 292-2321
*Counsel for UCIS*